IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Feruza Dosmetova,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Citizenship and Immigration Services (USCIS); Pam Bondi, *Attorney General of the United States*; Jennifer B. Higgins, *Director of USCIS*; Kristi Noem, *Secretary of the Department of Homeland Security*,[1]<br><br>Defendants. | ) | C/A No. 3:24-7409-SAL-PJG<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Feruza Dosmetova, proceeding *pro se*, brings this immigration case seeking a writ of mandamus compelling adjudication of her pending Application to Register Permanent Residence or Adjust Status. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes this action should be summarily dismissed without prejudice and without issuance and service of process.

## I. Factual and Procedural Background

Plaintiff is a citizen of Kazakhstan, currently residing in Columbia, South Carolina. On June 24, 2019, Plaintiff submitted to the United States Citizenship and Immigration Services ("USCIS") a Form I-485 Application to Register Permanent Residence or Adjust Status. Over the past five years, Plaintiff has inquired multiple times about the status of her application, only to find that it remains pending. Plaintiff seeks an order compelling the USCIS to adjudicate her

[1] Pursuant to Federal Rule of Civil Procedure 17(d), the court has updated the caption to include the names of the officials currently serving in these roles.

application and declaring the delay in adjudication unreasonable under the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b).

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint is not subject to the prescreening provisions of 28 U.S.C. § 1915. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted);[2] see also Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

[2] Plaintiff paid the filing fee in this case. (ECF No. 1.)

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B. Analysis**

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate that the court has subject matter jurisdiction over her claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil

Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

Plaintiff alleges the court has federal question jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, and the APA. (ECF No. 1 at 1.) However, while there is some disagreement among courts, this District has generally found that the Immigration and Nationality Act ("INA") expressly divests the court of subject matter jurisdiction over claims concerning a processing delay by USCIS. See 8 U.S.C. § 1252(a)(2)(B)(ii) (providing that "no court shall have jurisdiction to review" any discretionary "decision or action" made by the Attorney General or Secretary of Homeland Security in relation to certain immigration issues, including the "adjustment of an alien's status"); Rashford v. Garland, C/A No. 2:24-4429-BHH-MGB, 2024 WL 4437727, at 2-3 (D.S.C. Sept. 17, 2024) (finding § 1252(a)(2)(B)(ii) precluded judicial review of substantially similar claim and summarily dismissing complaint), adopted by 2024 WL 4433420 (D.S.C. Oct. 7, 2024); Chen v. Mayorkas, C/A No. 8:23-315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023) (same); but see Aslam v. Mukasey, 531 F. Supp. 2d 736, 739-42 (E.D. Va. 2008) (rejecting the Government's claim that the INA stripped the court of jurisdiction and collecting cases).

Further, neither the Mandamus Act nor the APA grant the court authority to compel a discretionary act. See Gonzalez v. Cuccinelli, 985 F.3d 357, 466 (4th Cir. 2021) ("[W]here an agency is *not required* to do something, we cannot compel the agency to act—let alone to act faster."); 5 U.S.C. § 701(a) (explaining that this chapter of the APA does not apply to "agency action that is committed to agency discretion by law"); City of New York v. U.S. Dep't of Def., 913 F.3d 423, 432 (4th Cir. 2019) ("[C]laims to compel agency action are limited to enforcement of a specific, unequivocal command, over which an official has no discretion . . . ."). Thus, the

question is whether the USCIS has a nondiscretionary duty to adjudicate a Form I-485 application within a certain timeframe. Consistent with the weight of authority, the court concludes that it does not. See, e.g., Zhang v. Chertoff, 491 F. Supp. 2d 590, 594 (W.D. Va. 2007) (finding 8 U.S.C. § 1255(a) gives "USCIS discretion over the entire application process, including its pace"); Patel v. Gonzales, C/A No. DKC 2007-1625, 2008 WL 11509689, at *3 (D. Md. Mar. 31, 2008) (same); Safadi v. Howard, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) (finding "§ 1255(a) vests USCIS with discretion over the entire process of adjustment application adjudication").

Accordingly, because the court lacks subject matter jurisdiction over this action, Plaintiff's Complaint should be dismissed.

## III. Conclusion

There being no apparent basis of federal jurisdiction over this matter and no possibility of curing the deficiency through amendment, the court recommends that the complaint be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

February 7, 2025
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).